

## KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

September 28, 2015

The Honorable René O. Oliveira
Chair, Committee on Business and Industry
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. KP-0039

Re: Taxing authority of the Port Isabel-San Benito Navigation District (RQ-0021-KP)

Dear Representative Oliveira:

On behalf of the Port Isabel-San Benito Navigation District (the "District"), you ask several questions about the District's taxing authority.[1] The District's brief, attached to your request letter, states the following facts. The District was formed in 1928–1929 under article III, section 52 of the Texas Constitution, in an election that created the District and authorized it to levy an ad valorem tax. District's Brief at 8. In 1939, the District converted into a self-liquidating navigation district under the predecessor to section 63.039 of the Water Code. *Id.* The District exercised its authority to collect the tax at least through 1976. *Id.* The District is now considering "reactivat[ing]" the tax to finance projects such as "dredging, upgrading docks and roads, the construction of additional docks, the maintenance of the port, the operation of the Port, making improvements to the Port, and possibly constructing different buildings or facilities at the Port." *Id.* at 2, 8. The District's questions concern its authority to fund these projects by levying a maintenance and operation tax under section 63.282 of the Water Code.

A navigation district may be created under two provisions of the Texas Constitution pursuant to enabling legislation and may be subject to various chapters of the Water Code.[2] Based

---

[1]Letter from Honorable René O. Oliveira, Chair, House Comm. on Bus. & Indus., to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Apr. 20, 2015) and attached Letter Brief from Brian G. Janis, counsel to Port Isabel-San Benito Navigation Dist. at 8–11 (Apr. 17, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter" and "District's Brief," respectively).

[2]TEX. CONST. art. III, § 52(b); *Id.* art. XVI, § 59(a) (authorizing the Legislature to enact laws concerning navigation of inland and coastal waters); *see* TEX. WATER CODE ANN. §§ 60.001–.564 (chapter 60, general provisions applicable to all navigation districts), 61.001–.239 (chapter 61, article III, § 52(a) navigation districts), 62.001–.318 (chapter 62, article XVI, § 59 navigation districts), 63.001–.379 (chapter 63, self-liquidating navigation districts) (West 2004 & Supp. 2014). In addition to general-law authority to create a navigation district, a navigation district may be created by special act. *See, e.g.,* TEX. SPEC. DIST. CODE ANN. §§ 5004.001–.207 (chapter 5004, creating Cypress Valley Navigation District), 5006.001–.051 (chapter 5006, creating Matagorda County Navigation District No. 1), 5007.001–.228 (chapter 5007, creating the Port of Houston Authority of Harris County, Texas) (West 2014).

on the facts stated in the District's brief, we confine our review to pertinent statutes concerning the taxing authority of a navigation district organized under article III, section 52(b) of the Texas Constitution and originally created under chapter 61, and the taxing authority of a district that has converted to a self-liquidating navigation district under chapter 63. Enabling legislation for an article III, section 52(b) district is located in chapter 61 of the Water Code. *See* TEX. WATER CODE ANN. §§ 61.001(1), .021 (West 2004).[3] A general law article III, section 52(b) navigation district is created in an election administered by a commissioners court, a navigation board, or both. *See generally id.* §§ 61.021–.036. In the election, the voters may approve general ad valorem taxing authority. *Id.* § 61.035.[4] When a navigation district is created, the commissioners court appoints the commissioners of the district's navigation and canal commission ("district commission"). *Id.* §§ 61.001(2), .071.

Under chapter 61, the district commission determines the cost of improvements and the cost of maintenance, operation, and upkeep of the district and its improvements, and it certifies to the county commissioners court the amount of bonds necessary to be issued for these purposes. *Id.* §§ 61.231, .236(c). The county commissioners court then levies and collects an improvement tax to pay interest and redeem bonds and a maintenance and operation tax. *Id.* § 61.236(a)–(b); *Matagorda Cnty. Drainage Dist. v. Comm'rs Ct.*, 278 S.W.2d 539, 541–42 (Tex. Civ. App.— Galveston 1955, writ ref'd n.r.e.) (determining that commissioners court may continue to levy a maintenance tax after all bonds have been paid, without the necessity of an election). Chapter 61 does not provide separately for voter approval of a maintenance and operation tax.

An article III, section 52 navigation district may convert to a self-liquidating district that operates under chapter 63 of the Water Code. *See* TEX. WATER CODE ANN. § 63.039 (West 2004). Self-liquidating districts "are self-liquidating in character and may be made self-supporting and return the construction cost of the district within a reasonable period by tolls, rents, fees, assessments, or other charges other than taxation." *Id.* § 63.021(a). The district commission may collect charges for use of district facilities to use "for maintenance and operation of the business of the district, to make the district self-supporting and financially solvent, and to retire the construction cost of the improvements within a reasonable period." *Id.* § 63.153(5). The district commission may issue bonds and "other forms of obligation payable from revenues derived from improvements and pledge these revenues to the payment of the district's debts in the manner provided in Subchapter E of Chapter 60 of this code." *Id.* § 63.153(8).

Under chapter 60, subchapter E, a navigation district may acquire or construct "facilities or aids incidental to or useful in the operation or development of the district's ports and waterways or in aid of navigation and navigation-related commerce in the ports and on the waterways," and

---

[3]General provisions applicable to all navigation districts are contained in chapter 60 of the Water Code. *See* TEX. WATER CODE ANN. §§ 60.001–.564 (West 2004 & Supp. 2014).

[4]The predecessor statute to section 61.035 of the Water Code, in effect when the district was created in 1928–1929, required the ballot proposition to contain "the words and none others: 'For the navigation district and issuance of bonds and levy of tax in payment thereof;' 'Against the navigation district, and issuance of bonds and levy of tax in payment thereof.'" Act approved Feb. 20, 1909, 31st Leg., R.S., ch. 15, § 7 1909 Tex. Gen. Laws 32, 35 subsequently codified in the Revised Civil Statutes as article 5965 in 1911 and as article 8207 in 1925.

incur indebtedness to do so. *Id.* § 60.101(a)(7), (b) (West Supp. 2014). Such indebtedness may be paid only by loan or bond sale proceeds and revenue generated from the project financed by indebtedness. *Id.* § 60.101(b). District revenue is to be used only for the "operation and maintenance of the improvements and facilities" and interest and sinking-fund payments on outstanding "obligations issued under [subchapter E] and payable out of the revenue of the improvements and facilities." *Id.* § 60.105(a) (West 2004). The district commission may use revenue that is in excess of that required for these purposes "to pay the cost of improvements and replacements which are not listed and may establish a depreciation fund." *Id.* § 60.105(b).

Chapter 63 authorizes the district commission of a self-liquidating navigation district to levy a tax to pay principal and interest on bonds that have been approved by the voters. *Id.* §§ 63.251, .281. Separately, section 63.282 authorizes a district commission to impose a maintenance and operation tax, but only with the approval of the voters:

(a) With the approval of the electors of the district, the [district] commission may levy and have assessed and collected for the maintenance, operation, and upkeep of the district and its improvements an annual tax of not more than 20 cents on the $100 valuation on all taxable property in the district.

(b) The proposition to approve the tax provided in Subsection (a) of this section may be voted on at the election to create the district or may be voted on at a separate election to be held in the manner provided for elections held under Subchapter B of this chapter.

(c) The ballots for the election shall be printed to provide for voting for or against the proposition: "The levy of a tax of not more than 20 cents on the $100 valuation for maintenance, operation, and upkeep of the district and its improvements."

*Id.* § 63.282.

With this background in mind, we turn to the District's first question, which is whether the general taxing authority approved in the election in 1929 that created the District is "sufficient to 'carry over'" after the District converted into a self-liquidating navigation district. District's Brief at 8. A district commission of a navigation district created under article III, section 52(b) of the Texas Constitution and operating under chapter 61 of the Water Code is not authorized to levy or collect a maintenance and operation tax—that authority is vested in the county commissioners court. TEX. WATER CODE ANN. § 61.236(a)–(b) (West 2004). Upon conversion to a self-liquidating district, section 63.282 authorizes a district commission to impose a maintenance and operation tax but requires the voters to approve a proposition specifically describing the tax. *Id.* § 63.282. The District's Brief does not suggest that a proposition specifically authorizing a maintenance and operation tax has ever been approved by the voters. Taxing units "must substantially comply with the requisite procedures exacted by statute in order to arrive at a valid tax levy," and "[f]ailure to comply with the statutory directives in assessing taxes voids the assessment." *Corpus Christi Taxpayer's Ass'n v. City of Corpus Christi*, 716 S.W.2d 578, 580

(Tex. App.—Corpus Christi 1986, writ ref'd n.r.e.). Although it is an issue of first impression, a court would likely conclude that the 1929 election in which the voters approved the District and ad valorem taxation in general does not satisfy the election requirements necessary for a district commission to impose a maintenance and operation tax under section 63.282 of the Water Code.

The District's second question is whether revenue from a maintenance and operation tax may be used for new construction projects and the dredging of a new port channel in addition to maintenance dredging of existing waterways. District's Brief at 9. Various provisions of the Water Code provide for the financing of new facilities and improvements. *See, e.g.*, TEX. WATER CODE ANN. §§ 63.153, .281 (West 2004). Section 63.282 provides separately for a navigation district to levy a maintenance tax for "the *maintenance, operation*, and *upkeep* of the district and its *improvements*," but this provision does not authorize new improvement projects in the first instance. *Id.* § 63.282(a) (emphasis added). Whether a particular project is a new improvement or maintenance and operation of existing improvements is for the navigation commission to determine in the first instance. *Cf.* Tex. Att'y Gen. LO-92-049 (1992) at 3 (stating that whether a purchase of property is an improvement or for maintenance or operation is a question of fact that cannot be determined in an attorney general opinion).

The District's third question is whether section 63.282 of the Water Code requires the District to obtain the permission of the Cameron County Commissioners Court to set or authorize a maintenance and operation tax. District's Brief at 10. Unlike chapter 61 of the Water Code, section 63.282 does not require a self-liquidating navigation district to obtain approval from the county commissioners court before it may levy a maintenance and operation tax. *Compare* TEX. WATER CODE ANN. § 61.236(b)–(c) (West 2004), *with id.* § 63.282.

## S U M M A R Y

A court would likely conclude that an election creating a navigation district under article III, section 52 of the Texas Constitution pursuant to chapter 61 of the Water Code does not satisfy the election requirements for a maintenance and operation tax under section 63.282 of the Water Code. Section 63.282 of the Water Code authorizes a navigation district to levy a maintenance tax for "the maintenance, operation, and upkeep of the district and its improvements," but does not authorize a levy of a tax for new improvement projects in the first instance. Once the voters have approved a maintenance and operation tax under section 63.282 of the Water Code, a self-liquidating navigation district need not further obtain approval from the county commissioners court before levying the tax.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee